UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| BRIAN CASEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 3:06-cv-171 |
| | ) | 3:05-cr-5011 |
| UNITED STATES OF AMERICA, | ) | (VARLAN/GUYTON) |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Brian Casey ("petitioner"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the

case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.  Factual Background

Petitioner was convicted, in the U.S. District Court for the Western District of New York, of bank robbery and sentenced to a term of imprisonment of 63 months followed by supervised release for three years. Upon completion of his prison term, petitioner's supervised release was transferred to the Eastern District of Tennessee. [Criminal Action No. 3:05-cr-5011, Doc. 1, Transfer of Jurisdiction].

On motion of his probation officer, this Court modified the conditions of petitioner's supervised release to remove halfway house placement and to include home detention for three months with electronic monitoring. [*Id.*, Doc. 2, Order]. Petitioner's supervised release was subsequently revoked by this Court and he was sentenced to twelve months in prison followed by supervised release for two years. [*Id.*, Doc. 15, Judgment of Revocation].

Petitioner appealed his sentence and the parties then filed a joint motion in the Court of Appeals for the Sixth Circuit to remand for re-sentencing based upon petitioner not being afforded the opportunity to allocute prior to the imposition of sentence. The Sixth Circuit granted the motion, vacated the judgment, and remanded the case for re-sentencing; the appellate court's order also stated that "the defendant's allegation that the district court plainly erred by failing to make adequate findings as to the basis for the sentence in accordance with

2

18 U.S.C. § 3553(a) may be addressed at the resentencing." [*Id.*, Doc. 21, Order]. Petitioner was then re-sentenced to 12 months in prison and supervised release for two years. [*Id.*, Doc. 34, Amended Judgment of Revocation].

Petitioner filed a notice of appeal of that judgment and also filed this § 2255 motion to vacate sentence. After the government filed a motion to dismiss the § 2255 motion without prejudice, based upon the pending appeal, petitioner moved to voluntarily dismiss his appeal; the motion to dismiss the appeal was granted and the appeal was dismissed. [*Id.*, Doc. 80, Order]. The Court then denied as moot the government's motion to dismiss without prejudice the § 2255 motion.

In support of his pending § 2255 motion, petitioner alleges the following: (1) the district court erred by failing to make adequate findings to support the sentence; (2) petitioner was illegally placed in an in-patient drug rehabilitation facility without having violated his supervised release; (3) petitioner was placed on electronic monitoring against his rights to due process; and (4) the amended petition for petitioner's revocation contained false information in the arrest warrant.

III.  Discussion

Petitioner's allegation that the Court failed to make adequate findings to support the sentence and his allegation that revocation petition contained false information were procedurally defaulted by petitioner's failure to pursue the claims on direct appeal of his sentence. *See United States v. Frady*, 456 U.S. 152, 167-168 (1982); *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993).

3

Petitioner's allegations that he was illegally placed in an in-patient drug rehabilitation facility and was improperly placed on electronic monitoring fail to state a claim for relief under § 2255. Section 2255 provides jurisdiction for the court to review and remedy fundamental errors in a judgment of conviction; it does not provide jurisdiction to consider challenges to conditions of supervised release. In addition, these claims are moot since petitioner's supervised release was revoked.

IV. Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE